# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

FELIX PERKINS,                                                                        PLAINTIFF

V.                                                                              NO. 2:07CV166-P-D

COAHOMA COUNTY SHERIFF DEPT., et al.,                                    DEFENDANTS

## OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently being housed at the Coahoma Country Jail and believed to be awaiting trial on state criminal charges, filed this, his third complaint, pursuant to 42 U.S.C. § 1983. Plaintiff is seeking one million dollars in damages and immediate release from confinement stemming from his arrest for the sell of a controlled substance.

Plaintiff's previous complaints, in which he was essentially asking this court to supervise the state court proceedings, were dismissed for failure to state a claim. With this, his latest complaint, Plaintiff complains about nearly every facet of prison life from the distribution of medication to the ratio of inmates to televisions. Plaintiff also complains that he is being denied his right to "free exercise" in that he does not get to go outside as much as he would like. Plaintiff laments that he is being denied a view because his cell window has been boarded-up. More serious accusations are that he is being denied access to religious material and that the Defendants are withholding his mail.

After carefully considering the contents of the *pro se* complaints and giving them the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under §1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label

he places upon the action is not the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir.).

The rule which the Court of Appeals for the Fifth Circuit follows in determining whether a prisoner must first obtain habeas corpus relief before bringing a § 1983 action is simple: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a habeas corpus judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)).

Although extremely disgruntled about being incarcerated, Plaintiff's claims do not evoke constitutional concerns. Even the more serious of his grievances including being denied access to religious materials and mail tampering, fall far short of being worthy of § 1983 relief. For example, Plaintiff states that he is "having problems" with incoming and outgoing mail but acknowledges that he does eventually receive his mail. As for the denial of religious materials, Plaintiff provides no further elaboration but includes that he also is being denied access to newspapers. Without more, his obvious dissatisfaction with the conditions of confinement is insufficient to state a claim for relief. The aggregation of complaints does not alter the result.

To the extent Plaintiff is challenging the fact of his confinement, such a matter is plainly not appropriate for § 1983 relief. Rather, Plaintiff must first obtain habeas corpus relief before bringing suit pursuant to § 1983. Plaintiff has provided no evidence that he has sought relief through a habeas corpus action.

A complaint is frivolous if it lacks an arguable basis in either law or fact, such as relying on an indisputably meritless legal theory. *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). Since Plaintiff's claims lacks a legal basis, it shall be dismissed for failure to state a claim upon which relief can be granted. Dismissal on this ground warrants the imposition of a "strike" pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88

(5th Cir. 1996). Accordingly, Plaintiff is cautioned that if he accumulates three strikes he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g)[1].

Therefore, this cause will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Plaintiff has also earned one strike pursuant to 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion will be entered.

THIS the 29th day of October, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff received his first strike in 2:07cv139. This is Plaintiff's second strike.